This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42079

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**JADA M.,**

Respondent-Appellant,

and

**ANTHONY D.,**

Respondent,

**IN THE MATTER OF ISAAC D., a Child.**

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Lee A. Kirksey, District Court Judge**

Children, Youth & Families Department
Amanda M. Romero, Chief Children's Court Attorney
Santa Fe, NM
Cynthia Tessman, Children's Court Attorney
Albuquerque, NM

for Appellee

Carol Kirk Rodriguez
Albuquerque, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

# DISPOSITIONAL ORDER

## YOHALEM, Judge.

Jada M. (Mother) appeals from the district court's adjudicatory judgment determining that her infant son (Child) is a "neglected child," pursuant to NMSA 1978, Section 32A-4-2(G)(2) (2023) of the Abuse and Neglect Act (describing a "neglected child" as a child without proper parental care and control because of the faults of a parent, or the neglect or refusal of the parent, when able to do so, to provide proper care and control). We note the following:

1. On appeal, Mother argues that the New Mexico Children, Youth and Families Department (CYFD) failed to establish, by clear and convincing evidence, that the conditions in Parents'[1] home or Parents' failure to prepare legal documents to authorize Child's placement with a relative posed a serious risk of harm to Child, requiring his removal into the custody of CYFD. Parents also claim that there is no evidence establishing that Parents' failure to comply fully with CYFD's demands was attributable to "the faults or habits of [Parents]" or to Parents' "failure or refusal" to comply with CYFD demands, "when able to do so," as required to establish neglect under Section 32A-4-2(G)(2).

2. While this appeal was awaiting full briefing, this Court issued an opinion in *Children, Youth and Families Department v. Anthony D.*, 2025-NMCA-015, ___ P.3d ____. *Anthony D.* was an appeal by Child's father from the same adjudicatory judgment appealed in this case. Anthony D. (Father) raised the same issues argued by Mother in this appeal. *Id.* ¶ 1. Mother's and Father's cases were heard together by the district court, and the district court's findings and conclusions supporting the adjudicatory judgment applied equally to both Parents.

3. This Court concludes that the issues of law and the application of the law to the facts argued by Mother on appeal were addressed and resolved by this Court's opinion in *Anthony D.*

4. Having sufficiently considered the forgoing and being otherwise sufficiently advised, we reverse the adjudicatory judgment as to Mother for the reasons stated in our opinion in *Anthony D.* and remand to the district court for further proceedings in accordance with this order and with *Anthony D.*

---

[1]Child's father is Anthony D. *See* ¶ 2 below.

**IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**